IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) GLENN A. FORD & SON DRILLING ) CONTRACTOR, GLENN A. FORD & ) SON DRILLING CONTRACTOR, LLC, ) GLENN A. FORD AND GLEN D. FORD, ) ) Defendants. ) | CIVIL ACTION NO. 3:09-280 JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION AND ORDER OF COURT

I. **SYNOPSIS**

This matter comes before the Court on a nonparty's ("Movant's") Motion to Intervene (Doc. 15). For the reasons that follow, the Motion to Intervene is **GRANTED**.

II. **JURISDICTION AND VENUE**

The Plaintiff has invoked the Court's jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391 because the Plaintiff is a corporation with its principal place of business in Harleysville, Pennsylvania, and the contract for the mobile home which is at the heart of this dispute was executed in Juniata Township, Bedford County, Pennsylvania.

III. **PROCEDURAL AND FACTUAL BACKGROUND**

This case arises from the allegedly faulty and/or negligent drilling of a well to provide domestic water for purchasers/owners of a mobile home, and resulting damages when the water was determined to be "brine", and therefore unfit for domestic consumption and use. Doc. 1.

1

Plaintiff, an insurance company, seeks declaratory judgment that it is not required to defend or indemnify Defendants for damages related to the drilling of the well. Doc. 1.

There is a related case pending in the Court of Common Pleas of Bedford County, Pennsylvania, No. 1182 (the "Underlying Action"). Plaintiffs in that case are the owners of the mobile home, John and Deborah Soden (the "Sodens"), and defendants include the above-named Defendants and the Movant, Western Maryland Showcase Homes, Inc. ("Showcase Homes"), the latter being the corporation that sold the mobile home to the Sodens, and agreed "to perform certain additional work so that the Sodens would have water to their new home." Doc. 15 at 2. Showcase Homes hired Defendants in the instant case to drill the well that would supply water to the Sodens' mobile home. The drilling was done in January 2005. Doc. 15 at 2. The complaint in the Underlying Action alleges that "Glenn A. Ford Son & Drilling Contractor by and through Glenn A. Ford and/or Glenn D. Ford" (Doc. 1 at 3) was negligent in drilling the well. More specifically, the complaint alleges that the hole was drilled too deeply, so that the Ford Defendants drilled through a fresh water aquifer into a lower aquifer containing unfit/contaminated water, causing the lower aquifer to pollute the fresh water aquifer, resulting in the contamination of the water supply to the mobile home. *Id.* This in turn allegedly caused injuries to Deborah Soden and physical damage to the Sodens' property. Doc. 15 at 3. Showcase Homes is a cross-claimant against the instant Defendants in the Underlying Action.

Plaintiff in the instant case is an insurance company which at the time of the drilling had issued an insurance policy (the "Insurance Policy") to Defendants in the instant case, Glenn A. Ford & Son Drilling Contractor, Glenn A. Ford & Son Drilling Contractor, LLC, Glenn A. Ford and Glen D. Ford (collectively, "Ford"). Plaintiff seeks a declaratory judgment from this Court that it does not have a duty to defend or indemnify Defendants Ford for the Underlying Action

2

and/or any judgment resulting from that action. Doc. 1 at 10. Plaintiff argues that the Bedford County Court of Common Pleas has dismissed all counts in the Underlying Action except that of negligence, and that the insurance policy issued to the instant Defendants does not cover instances of negligence, or damages resulting therefrom. Doc. 1. Defendants answer that the insurance policy requires Plaintiff to defend and indemnify Defendants when there is an "occurrence", which includes an accident. Defendants argue that the Underlying Action is the result of "an accidental infiltration of gas into the water well provided by Defendants", and is *not* the result of negligence. Doc. 9 at 2-3.

On August 28, 2010, Showcase Homes filed a Motion to Intervene in the instant action, arguing that it has a significant interest in the outcome of the present declaratory judgment action, as it has asserted cross-claims against Ford in the Underlying Action. Doc. 15 at 2. Showcase Homes further argues that its motion is timely, and its intervention in this case would not cause delay or prejudice, and that it has a defense in the Underlying Action that involves a common question of law or fact with Ford's defenses in the instant case. Doc. 15 at 6-7.

### IV. STANDARD OF REVIEW – MOTIONS TO INTERVENE UNDER FEDERAL RULE OF CIVIL PROCEDURE 24

The right of a nonparty to intervene in a lawsuit, either as a matter of right or with permission from the Court, is governed by the Federal Rules of Civil Procedure, Rule 24. Rule 24 states, in relevant part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> . . .
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.

3

> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
> . . .
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> . . .
>
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

In order for a non-party to intervene *as a matter of right* under Rule 24(a)(2), all of the factors in that clause must be met. See *Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc., et. al.*, 72 F.3d 361, 366 (3d Cir. 1995). An intervenor's interest must be a "'significantly protectable'" legal interest (as opposed to an interest of a general and indefinite character), recognized as one belonging to or being owned by the proposed intervenor, and there must be a tangible threat to this interest. See *Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc., et. al.*, 72 F.3d 361, 366 (3d Cir. 1995); citing *Donaldson v. United States*, 400 U.S. 517, 531, 27 L. Ed. 2d 50, 91 S. Ct. 534 (1971); also citing *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 115 (3d Cir. 1994); also citing *Harris v. Pernsley*, 20 F.2d 592, 596-98 (3d Cir. 1987).

The Third Circuit has held that "[w]hile a mere economic interest may be insufficient to support the right to intervene, an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund." *Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc., et. al.*, 72 F.3d 361, 366 (3d Cir. 1995); citing *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 53-54 (5th Cir. 1970). It is important to note that this wording does not *require* interest in a specific fund, it only holds that if such a showing were made, it would be sufficient economic interest for a motion to intervene to be justified. *Mountain Top* held that insurance proceeds which had already been paid out to a condominium association and were being held in escrow as assets of a trust (of which the condominium association was the trustee)

constituted a specific fund. *Liberty Mutual Insurance Co. v. Treesdale, Inc., et. al.*, 419 F.3d 216, 222 (3d Cir. 2005); citing *Mountain Top* at 365-367. In contrast, the Third Circuit subsequently held that an interest in insurance proceeds that have not yet been paid out was too nonspecific an economic interest to support a motion to intervene *as a matter of right*. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 222 (3d Cir. Pa. 2005) ("economic interest in the insurance proceeds . . . does not support *intervention as a matter of right*." (emphasis added)).

In addition to demonstrating a specific, tangible economic interest, "[i]n order to meet the requirements of Rule 24(a)(2), proposed intervenors must also demonstrate that their interest might become affected or impaired, as a practical matter, by the disposition of the action in their absence. . . . 'the requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc., et. al.*, 72 F.3d 361, 366 (3d Cir. 1995); quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 30 L.Ed. 2d 686, 92 S. Ct. 630 (1972).

A motion to intervene as a matter of right must also be timely, but because an intervenor of right would be seriously harmed if not permitted to intervene, this is a fact-specific standard and the court has broad discretion to grant the motion. As the Third Circuit has stated, "courts should be reluctant to dismiss a request for intervention as untimely, even though they might deny the request if the intervention were merely permissive." *Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc., et. al.*, 72 F.3d 361, 368 (3d Cir. 1995); quoting *7C Wright, Miller & Kane, Federal Practice & Procedure*, § 1916 at 424 (1986).

## V. ANALYSIS

Showcase Homes claims it has a right to intervene under Fed. R. Civ. Pro. R. 24(a)(2), and in the alternative seeks permissive intervention under Fed. R. Civ. Pro. R. 24(b). Doc. 15. Plaintiff argues that Showcase Homes should not be permitted to intervene either as a matter of right or discretion. Doc. 23 at 4-6. Plaintiff quotes a passage from Liberty Mutual, "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." Doc. 23 at 5; quoting Liberty Mutual, supra, at 220-221; in turn quoting Mountain Top at 366.

However, Plaintiff's chief argument in this case is that because the Underlying Action has been dismissed on all counts except for that of negligence, the Insurance Policy does not require the Plaintiff to defend and indemnify the Ford Defendants, as it covers only accidents, not negligence.[1] Doc. 1 at 10. The Ford Defendants do not directly concede or deny the charge that the Insurance Policy does not cover negligence. However, they argue that the incident in question was an accident and is covered by the Insurance Policy. Doc. 23.

Assuming, *arguendo*, that we accept that negligence is excluded under the Insurance Policy, if the state trial court in the Underlying Action were to determine that the Defendants' actions in drilling the well did not amount to negligence, presumably Plaintiff would then be liable for the costs of defending the Ford Defendants in the Underlying Action, as an accident absent negligence would be covered under the Insurance Policy. Doc. 9 at 2-3; Doc. 16 at 12-13. Even if we were to accept that the Insurance Policy excludes negligence, for us to issue a declaratory judgment or decline to issue a declaratory judgment, we would have to find that Defendants' actions constituted or fell short of negligence. Either finding would be a conclusion

---

[1] According to the complaint in the instant action, the policy covers injury caused by an "occurrence", which is defined as "an accident, including continuous or repeated exposures to substantially the same general harmful conditions." Doc. 1 at 6-7.

6

of law that is at the heart of the Underlying Action and would directly affect Showcase Homes' interests in the Underlying Action.

Showcase Homes has further argued that the Ford Defendants are not adequately defending their interests in the instant case, as their Answer to the Complaint fails to argue that Plaintiff remains liable even if there is a finding of negligence. Doc. 16 at 14-15. We also find this argument persuasive – Showcase Homes should be permitted to present arguments it believes relevant in this case, as the outcome will very clearly affect conclusions of law in the Underlying Action. Lastly, we find that Showcase Homes' Motion to Intervene is timely.

In accordance with the ruling in *Liberty Mut. Ins. Co.*, we cannot grant the Motion to Intervene as a matter of right under Fed. R. Civ. Pro. R. 24(a)(2). (Although we do note that the determination of this case will directly impact Movant's ability to be indemnified from the benefits of the specific insurance policy held by Defendants Ford through Plaintiffs). However, we find that Showcase Homes, as cross-claimant in the Underlying Action, has a significant interest in the merits of the instant case, would be unduly prejudiced if not allowed to intervene, and has filed a timely Motion to Intervene; thus we grant permissive intervention under Fed. R. Civ. Pro. R. 24(b).

## VI. CONCLUSION

In conclusion, this Court finds that while Showcase Homes is not entitled to intervene *as a matter of right*, we will permit Showcase Homes to intervene under Fed. R. Civ. Pro. R. 24(b). Therefore, Showcase Homes' Motion to Intervene (Doc. 15), will be **GRANTED**.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:09-280 |
| v. | ) ) ) | JUDGE KIM R. GIBSON |
| GLENN A. FORD & SON DRILLING CONTRACTOR, GLENN A. FORD & SON DRILLING CONTRACTOR, LLC, GLENN A. FORD AND GLEN D. FORD, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 7th day of March, 2011, **IT IS HEREBY ORDERED** that the Motion to Intervene (Doc. 15) is **GRANTED**. Western Maryland Showcase Homes, Inc. will be added as an additional defendant in this case and Doc. 15-1 will be accepted as its Answer to the Complaint.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

cc: All counsel of record

8