| | |
|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 3:09-280 ) JUDGE KIM R. GIBSON |
| GLENN A. FORD & SON DRILLING CONTRACTOR, GLENN A. FORD & SON DRILLING CONTRACTOR, LLC, GLENN A. FORD AND GLEN D. FORD, | ) ) ) ) ) |
| Defendants, | ) ) |
| v. | ) ) |
| WESTERN MARYLAND SHOWCASE HOMES, INC., | ) ) ) |
| Intervenor Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

### I.      SYNOPSIS

This matter comes before the Court on Intervenor Defendant Western Maryland Showcase Homes, Inc.'s ("Intervenor Homes") Motion to Dismiss (Doc. No. 21)[1] and Plaintiff Harleysville Mutual Insurance Company's ("Plaintiff Harleysville") Motion for Summary Judgment (Doc. No. 19). For the reasons that follow, the Motion to Dismiss is **DENIED** and the Motion for Summary Judgment is **GRANTED in part** and **DENIED in part** as discussed below.

### II.      JURISDICTION AND VENUE

---

[1] Intervenor Homes' motion simply requests that the Court decline to exercise discretionary jurisdiction in this case.

Plaintiff Harleysville has invoked the Court's jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391 because Plaintiff Harleysville is located in Harleysville, Pennsylvania, and the contract for the manufactured home which is at the heart of this dispute was executed in Juniata Township, Bedford County, Pennsylvania.

## III.    PROCEDURAL AND FACTUAL BACKGROUND

### A.    Related State Action

The instant declaratory judgment action stems from a related state action ("Related State Action") pending in the Court of Common Pleas of Bedford County, Pennsylvania, No. 1182. John and Deborah Soden (the "Sodens") are the purchasers of a manufactured home and Plaintiffs in the Related State Action. Glenn A. Ford & Son Drilling Contractor, Glen A. Ford & Son Drilling Contractor, LLC, Glenn A. Ford, and Glen D. Ford (collectively, "Defendants Ford") and Intervenor Homes are named as Defendants. (Doc. No. 1). Intervenor Homes is a Maryland corporation that sold the home to the Sodens and agreed "to perform certain additional work so that the Sodens would have water to their new home." (Doc. No. 15 at 2). Intervenor Homes hired Defendants Ford to drill the well that would supply water to the Sodens' home, and the drilling was done in January of 2005. (Doc. No. 1).

In the complaint in the Related State Action, the Sodens contend that in drilling the well Defendants Ford negligently: (1) drilled through a fresh water aquifer into a lower aquifer which contained unfit/contaminated water; and (2) caused the lower aquifer to pollute the fresh water aquifer, which resulted in a water supply that was unfit for domestic consumption. (Doc. No. 15). The complaint further alleges that Defendants Ford connected this already-contaminated water supply to the Sodens' home and, thus, acted negligently because they knew or ought to have

2

known that damage would result. (*Id.*). The Sodens also contend that this negligence caused injury to Mrs. Soden's person and the Sodens' personal and real property. (*Id.* at 3).

Defendants Ford counter that the pollution of the Sodens' water supply was in fact an accident and was not the result of their negligence. Specifically, Defendants Ford contend that: (1) at the time they connected the water supply it *was* fit for domestic consumption; (2) due to their years of experience in drilling wells they would not have connected an unfit water source; and (3) the pollution of the water source occurred at some point during the intervening six months between the time the water was connected and the date that the Sodens began occupying the home. (Doc. No. 24).

### B.    Declaratory Judgment Action

In the case *sub judice*, Plaintiff Harleysville, an insurance company, seeks a declaratory judgment that it is not required to defend and indemnify its insureds, Defendants Ford, in the Related State Action. (Doc. No. 1). Plaintiff Harleysville filed the pending Motion for Summary Judgment on August 31, 2010, (Doc. No. 19), in which it argues that summary judgment should be granted because the only claim remaining in the Related State Action is a claim of negligence and negligence does not fall under the definition of a covered "occurrence" under the insurance policy. (Doc. No. 20). Defendants Ford contend that the pollution of the water supply was accidental and not the result of their negligence, therefore qualifying as a covered "occurrence." (Doc. No. 9).

In addition to the pending Motion for Summary Judgment, Intervenor Homes, a cross-claimant against Defendants Ford in the Related State Action and an Intervenor in the present action, filed a Motion to Dismiss on August 31, 2010. (Doc. No. 21). In its motion, Intervenor Homes argues that a district court's exercise of jurisdiction over a declaratory judgment action is

3

discretionary and that it would be more appropriate for the state court in the Related State Action to make any determinations as to Plaintiff Harleysville's duty to defend and indemnify. (Doc. Nos. 21 and 22). Plaintiff Harleysville counters that district courts routinely choose to exercise jurisdiction over declaratory judgment cases. (Doc. No. 26). The motions have been fully briefed, and are now ripe for disposition.

## IV.    STANDARD OF REVIEW – Summary Judgment

"Summary judgment is appropriate only where, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56 (a).[2] Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those which will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248.

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (internal citations omitted); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); see also *Podobnik v. U.S. Postal Serv.*, 409

---

[2] Rule 56 was revised in 2010. The standard previously set forth in subsection (c) is now codified as subsection (a). The language of this subsection is unchanged, except for "one word—genuine 'issue' bec[ame] genuine 'dispute.'" Fed. R. Civ. P. 56 advisory committee's note, 2010 amend.

F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue" (internal quotation marks omitted)).

## V. DISCUSSION

The parties dispute whether the Court should exercise its discretionary jurisdiction in this instance, which state law should govern the interpretation of the insurance contract, and whether summary judgment is appropriate regarding Plaintiff Harleysville's duty to defend and indemnify Defendants Ford. The Court will address each of these issues in turn.

### A. Exercising Jurisdiction – Declaratory Judgment Action

In its Motion to Dismiss, Intervenor Homes first argues that this Court should decline to exercise its discretionary jurisdiction over insurer Plaintiff Harleysville's declaratory judgment action. (Doc. No. 22). The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, allows for federal courts, in their discretion, to exercise jurisdiction and declare the rights of any interested party, keeping in mind that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). "The district courts' discretionary power to decline to hear declaratory judgment actions, however, is not open-ended. . . . [A] district court does not have absolute discretion to 'decline jurisdiction over a declaratory judgment action when the issues include federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." *United Fin. Cas. Co. v. Fornataro*, Civ. A. No. 08-1301, 2008 U.S. Dist. LEXIS 71449, *2-3 (W.D. Pa. 2008) (citing *Summy*, 234 F.3d at 134). The Supreme Court of the United States has explained that "[t]he question for a district court

presented with a suit under the Declaratory Judgment Act . . . is 'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (internal quotation marks omitted).

Instantly, the Court finds that its exercise of jurisdiction in this case is discretionary, as there is no issue regarding federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding. The Court also notes that multiple factors militate in favor of exercising discretionary jurisdiction in this matter: (1) judicial economy;[3] (2) fairness;[4] and (3) the fact that the pending Related State Action will not likely result in a comprehensive disposition of all issues.[5] See *Summy,* 234 F.3d at 133. Intervenor Homes' other argument opposing the Court's exercise of jurisdiction—that Plaintiff Harleysville's potential conflict as Plaintiff in this case and insurer of Defendants Ford in the Related State Action[6]—is also unpersuasive. Therefore, the Court concludes that it is not

---

[3] The case *sub judice* was filed nearly two years ago on October 28, 2009, (see Doc. No. 1), and Intervenor Homes filed its Motion to Intervene and its Motion to Dismiss on August 31, 2010, almost a year after this litigation had begun and a month after fact discovery was scheduled to close on July 30, 2010, (see Doc. No. 21). Thus, the parties and the Court have already expended considerable resources which would be wasted if the Court declined to exercise jurisdiction.

[4] The parties may be prejudiced if the Court declines to exercise jurisdiction by granting the Motion to Dismiss at this late stage.

[5] Although the Related State Action is pending, there is no indication that the state court will address the issue of Plaintiff Harleysville's duty to defend and indemnify Defendants Ford; therefore, Plaintiff Harleysville's argument that the case *sub judice* does not overlap with the issues presented in the Related State Action is well-taken. (See Doc. No. 20). Additionally, this Court will leave the issue of whether or not Defendants Ford acted negligently for the Court of Common Pleas of Bedford County. See infra, Part V C.

[6] In cases involving insurance coverage issues, the Third Circuit has suggested that district courts consider the following factors when deciding whether to exercise their discretionary jurisdiction: (1) a general policy of restraint when the same issues are pending in a state court; (2) an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exception; and (3) avoidance of duplicative litigation. *Summy*, 234 F.3d at 134 (internal citations and quotations omitted). As discussed above at length, the instant suit does not address the same issues or duplicate the Related State Action. The Court also notes that Plaintiff Harleysville is currently providing a vigorous defense of Defendants Ford in the Related State Action and has been successful in having all claims dismissed except for negligence. (See

gratuitously interfering with a state court action and that exercising discretionary jurisdiction is appropriate. The Motion to Dismiss (Doc. No. 21) is **DENIED**, and the Court will consider the remaining issues raised by the parties.

## B.    Choice of Law – Insurance Policy

The parties also contest which law should apply to the insurance policy at issue. Specifically, Intervenor Homes contends that Maryland law should apply,[7] (Doc. No. 25), while Plaintiff Harleysville argues for the application of Pennsylvania law to the insurance policy at issue, (Doc. No. 26). Additionally, Plaintiff Harleysville and Defendants Ford—the actual parties to the insurance contract—stipulated that Pennsylvania law governs.[8]

In federal diversity cases, a federal court must apply the conflict of law rules of the forum state in which it sits, in this case, Pennsylvania. See *Garcia v. Plaza Oldsmobile LTD.*, 421 F.3d 216, 219 (3d Cir. 2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)); see also *GNC Franchising, Inc. v. O'Brien*, 443 F. Supp. 2d 737, 743 (W.D. Pa. 2006). As the Third Circuit has noted, Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them if that state bears a reasonable relationship to the contract. *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994); see also *Bishop v. GNC Franchising, LLC*, 403 F. Supp. 2d 411, 415 (W.D. Pa. 2006); *O'Brien*, 443 F. Supp. 2d at 743 (noting that in accordance with Pennsylvania's adoption of § 187 of the Restatement (Second) of Conflict of Laws, contract provisions should be upheld

---

Doc. No. 20). Thus, Intervenor Homes' concern over Plaintiff Harleysville potential conflict is unwarranted and is insufficient grounds to convince the Court to decline to exercise jurisdiction.

[7] This argument is based on the fact that Defendants Ford's principal place of business is in Maryland and that most of the work performed by Defendants Ford is within the borders of that state. (Doc. No. 25).

[8] In the "Joint Concise Statement of Material Facts" submitted by Plaintiff Harleysville and Defendants Ford, the parties stipulated that "Pennsylvania law governs interpretation of the insurance contract in this matter." (Doc. No. 18 at 5).

as long as the transaction bears a "reasonable relationship to the state whose law is governing"). Further, "Pennsylvania courts will only ignore a contractual choice of law provision if that provision conflicts with strong public policy interests." *Kruzits*, 40 F.3d at 56 (citing *Soxman v. Goodge*, 539 A.2d 826 (Pa. Super. Ct. 1988)).

Instantly, a review of a "true and correct copy" of the insurance policy at issue reveals that there is no express choice of law provision, (see Doc. No. 20-3), even though the contracting parties apparently intended for Pennsylvania law to apply, see supra, note 8. The Court also finds that application of Pennsylvania law would be appropriate in this instance because that state bears a reasonable relationship to the contract [9] and public policy interests favor such application.[10] Thus, the Court will honor the contracting parties' intent and apply Pennsylvania law.

## C. Summary Judgment – Defense and Indemnity

Plaintiff Harleysville moves for summary judgment contending that the Court should conclude that it has no duty to defend or indemnify Defendants Ford because the only claim remaining in the Related State Action is a claim of negligence, and negligence does not fall under the definition of an "occurrence" under the insurance policy. (Doc. No. 20). The insurance policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." [11] (Doc. No. 18 at 6). Defendants Ford

---

[9] Pennsylvania residents—the Sodens—are parties to the contract at issue, the drilling and resultant water pollution at the heart of this dispute occurred on real property located in Pennsylvania, and the insurance policy lists insurer Plaintiff Harleysville's principal place of business as Harleysville, Pennsylvania. (See Doc. No. 20-3 at 2).

[10] The Commonwealth of Pennsylvania has a clear policy interest in regulating insurance contracts and drilling activities within its territories, especially as they might affect the rights and safety of its residents and natural resources. Applying the law of Maryland, as Intervenor Homes suggests, would offend this strong policy interest.

[11] As discussed infra, the Supreme Court of Pennsylvania has already been called to construe a nearly-identical policy provision. As the Third Circuit explained, "[i]n *Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Insurance Co.*, 589 Pa. 317, 908 A.2d 888 (Pa. 2006), the Supreme Court of Pennsylvania was

8

contend that the pollution of the water supply was accidental and not the result of their negligence, and would therefore qualify as a covered "occurrence." (Doc. No. 9). Thus, the Court must next consider whether, as a matter of Pennsylvania law, Plaintiff Harleysville could be required to defend or indemnify Defendants Ford.

> The Third Circuit has thoroughly examined the duties to defend and indemnify:

> Under Pennsylvania law, an insurer has a duty to defend if the complaint filed by the injured party potentially comes within the policy's coverage. The duty to defend is a distinct obligation, different from and broader than the duty to indemnify. Because the duty to defend is broader than the duty to indemnify, there is no duty to indemnify if there is no duty to defend. After determining the scope of coverage under a policy, the court must examine the complaint in the underlying action to determine whether it triggers coverage. If the complaint avers facts that might support recovery under the policy, coverage is triggered and the insurer has a duty to defend. Both the duty to defend and the duty to indemnify "flow from a determination that the complaint triggers coverage."

*Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225-26 (3d Cir. 2005) (internal citations omitted); see also *Specialty Surfaces Int'l*, 609 F.3d at 237-38; *Kvaerner*, 908 A.2d at 896 (Pennsylvania law provides that "[a] carrier's duty to defend and indemnify an insured in a suit brought by a third party depends upon a determination of whether the third party's complaint triggers coverage."). "In determining the existence of a duty to defend, the factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured." *Berg Chilling Sys., Inc. v. Vicarb, Inc.*, 70 F. App'x 620, 624 (3d Cir. 2003). Furthermore, "Pennsylvania's courts have taken a relatively broad view in discerning whether a complaint triggers an insurer's duty to defend." *Id.* The Third Circuit has also explained that

---

asked to decide whether a claim of faulty workmanship could constitute an 'occurrence' under commercial general liability policies. The policies at issue defined an 'occurrence' as an '*accident, including continuous or repeated exposure to substantially the same or general harmful conditions.*'" *Specialty Surfaces Int'l v. Cont'l Cas. Co.*, 609 F.3d 223, 230 (3d Cir. 2010) (emphasis added). The policy presently at issue further specifies that "We will not pay for loss or damage caused by or resulting from any of the following. . . . Negligent Work: Faulty, inadequate or defective: (1) Planning, zoning, development, surveying, siting; (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction, renovation or remodeling; or (4) Maintenance; of part or all of any property on or off the describe premises." (Doc. No. 20-3 at 51).

"[t]he proper focus regarding issues of coverage under insurance contracts is the reasonable expectation of the insured. That expectation is governed by the unambiguous language of the insurance policy." *Essex Ins. Co. v. Starlight Mgmt. Co.*, 198 F. App'x 179, 183 (3d Cir. 2006) (internal citations and quotation marks omitted).

In *Specialty Surfaces Int'l*, the Third Circuit discussed the Supreme Court of Pennsylvania's consideration of whether the allegations in a complaint triggered coverage. Specifically, Pennsylvania's highest court construed nearly identical language to that of the policy presently at issue, see supra, note 11, and held:

> [T]he definition of "accident" required to establish an "occurrence" under the policies cannot be satisfied by claims based upon faulty workmanship. Such claims simply do not present the degree of fortuity contemplated by the ordinary definition of "accident" or its common judicial construction in this context. To hold otherwise would be to convert a policy for insurance into a performance bond. We are unwilling to do so, especially since such protections are already readily available for the protection of contractors.

*Specialty Surfaces Int'l.*, 609 F.3d at 230-31 (quoting *Kvaerner*, 908 A.2d at 899). Thus, property damage caused by negligent or faulty workmanship is not caused by "accident" and could not be a covered "occurrence" under the policy. See *Specialty Surfaces Int'l,* 609 F.3d at 238 ("Because [the damages] are not caused by an accident, under *Kvaerner*, they are not a covered 'occurrence' under the insurance policy.").

Here, Plaintiff Harleysville moves for summary judgment claiming that it cannot be required to defend or indemnify Defendants Ford because the only remaining count in the Related State Action is that of negligence against all Defendants. (See Doc. No. 20). The Related State Action could be resolved in one of three possible manners: (1) the state court concludes that the Sodens suffered no actionable harm; (2) the state court finds that Defendants Ford exercised due care, thus, no liability attaches; or (3) Defendants Ford are found liable for

10

negligently drilling or connecting the water supply to the Sodens' home. No matter which of these results comes to pass, Plaintiff Harleysville cannot be required to indemnify Defendants Ford. In the first two situations, Defendants Ford are not liable and therefore will not suffer an indemnifiable loss. Moreover, as this Court interprets Pennsylvania law, Plaintiff Harleysville cannot be required to indemnify Defendants Ford in the third situation either: if Defendants Ford negligently caused harm, such negligent or faulty workmanship does not present the degree of fortuity necessary to qualify as an "accident" and a covered "occurrence" under the policy. Thus, indemnification coverage cannot be triggered under the complaint's allegations, see *Specialty Surfaces Int'l*, 609 F.3d at 238, and the Court **GRANTS** Plaintiff Harleysville's Motion for Summary Judgment (Doc. No. 19) regarding its duty to indemnify.

As noted above, the duty to defend is broader than the duty to indemnify, and that principle is elucidated by the present case. Plaintiff Harleysville need not indemnify Defendants Ford under Pennsylvania law regardless of whether Defendants Ford acted negligently. If, however, the water supply was contaminated through no fault of Defendants Ford, the accidental contamination could be a covered "occurrence" under the policy and Plaintiff Harleysville *would* be required to provide a defense. The Sodens alleged this factual scenario in their complaint.[12] Therefore, because "allegations in a complaint filed against the insured potentially fall within the policy's coverage[,]" the duty to defend attaches. See *Berg Chilling*, 70 F. App'x at 624. Thus, Plaintiff Harleysville's Motion for Summary Judgment (Doc. No. 19) is **DENIED** with respect to the issue of duty to defend.[13]

---

[12] The Sodens' contend in their Amended Complaint in the Related State Action that the water contamination was caused by Defendants Ford's negligence, but they alternatively allege that Defendants Ford would be liable even absent negligence for "fail[ure] to deliver usable water to the home." (See Doc. No. 20-1 at 16).

[13] The Court notes that it would have entered summary judgment in favor of Defendants Ford on the issue of duty to defend had Defendants Ford timely filed a cross-motion so requesting.

## VI.    CONCLUSION

In sum, the Court finds that at this stage of the litigation considerations of judicial economy and fairness support the Court's continued exercise of jurisdiction. Additionally, this Court is not gratuitously interfering with the Related State Action because the cases present distinct issues: the issue of Defendants Ford's negligence in the state action, and Plaintiff Harleysville's duty to defend and indemnify in this action. Therefore, the Court will exercise its discretionary jurisdiction, and Intervenor Homes' Motion to Dismiss (Doc. No. 21) is **DENIED**.

Further, no matter the resolution of the Related State Action, Plaintiff Harleysville cannot be required to indemnify Defendants Ford because there will either be no loss to indemnify or the loss will result from negligence not covered under the policy. However, because the allegations in the Related State Action Complaint potentially fall within the policy's coverage, Plaintiff Harleysville has a duty to defend Defendants Ford under the policy. Therefore, Plaintiff Harleysville's Motion for Summary Judgment (Doc. No. 19) is **GRANTED** as to the issue of duty to indemnify and **DENIED** as to the issue of duty to defend. Summary judgment is entered in favor Plaintiff Harleysville only on the issue of duty to indemnify. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

HARLEYSVILLE MUTUAL            )
INSURANCE COMPANY,             )
                               )
          Plaintiff,           )
                               )   CIVIL ACTION NO. 3:09-280
     v.                        )   JUDGE KIM R. GIBSON
                               )
GLENN A. FORD & SON DRILLING   )
CONTRACTOR, GLENN A. FORD &    )
SON DRILLING CONTRACTOR, LLC,  )
GLENN A. FORD AND GLEN D. FORD,)
                               )
          Defendants,          )
                               )
     v.                        )
                               )
WESTERN MARYLAND SHOWCASE      )
HOMES, INC.,                   )
                               )
          Intervenor Defendant.)

## ORDER

**AND NOW**, this 27th day of September, 2011, **IT IS HEREBY ORDERED** that

Intervenor Defendant Western Maryland Showcase Homes' Motion to Dismiss (Doc. No. 21) is

**DENIED** and that Plaintiff Harleysville's Motion for Summary Judgment (Doc. No. 19) is

**GRANTED in part** and **DENIED in part**. Specifically, the motion is **GRANTED** as to the

issue of duty to indemnify and **DENIED** as to the issue of duty to defend. Summary judgment is

entered in favor Plaintiff Harleysville only on the issue of duty to indemnify.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**